**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEVIN KNOCH,**

              **Plaintiff,**

**-vs-**                                                **Case No. 6:07-cv-1645-Orl-DAB**

**MICHAEL J. ASTRUE, Commissioner of**
**Social Security,**

              **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S [UNCONTESTED] PETITION FOR ATTORNEY'S FEES (Doc. No. 26)**
>
> **FILED:** March 11, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff's Motion for an award of fees follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 22 and 23).

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present

which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not oppose an award of fees.

Plaintiff's Motion[1] seeks an award of attorney's fees in the amount of $3,663.79, calculated at the rate of $166.46 per hour ($125.00 adjusted for cost of living increase of 33.17% (Consumer Price Index)) for 2.2 hours of work expended in 2007 and at the rate of $175.67 per hour ($125.00 adjusted for cost of living increase of 40.54% (Consumer Price Index)) for 17.8 hours of work expended in 2008 and 2009. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorneys fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). The Court takes judicial notice of the increase in the CPI from 1996[2] to 2007-2009; in March 1996, the Consumer Price Index (CPI) stood at 155.7 and by mid-2007, the CPI was 207.95, an increase of 33.17%; in 2008 it stood at 218.82, a 40.54% increase. *See* United States Department of Labor Bureau of Labor Statistics, Table of Consumer Price Index as of February 20, 2009, ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt.

Upon review of the supporting papers filed by Plaintiff and the Commissioner having no objection (*see* Doc. No. 26), the Court finds that these sums are reasonable and an award is appropriate under the EAJA. It is therefore **ORDERED** that the motion is **GRANTED** and judgment be entered for Plaintiff in the amount of **$3,663.79** for attorney's fees.

---

[1] Counsel erroneously attached a time record for a different case, that of a different plaintiff, Peter Cali, which the Court did not consider.

[2] On March 29, 1996, the EAJA statutory rate increased from $75 to $125. *See London v. Halter,* 203 F.Supp.2d 367, 373 (E.D.Tenn. 2001).

**DONE** and **ORDERED** in Orlando, Florida on March 13, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record